## ESBIN & ALTER, LLP,
Plaintiff–Appellant,

v.

**Paul ZAPPIER, Advanced Trade Settlement, LLC, Sabharwal, Globus & Lim, LLP, Rad Technologies, Inc., Defendants–Appellees.**

No. 10–0528–cv.

United States Court of Appeals,
Second Circuit.

May 19, 2010.

Daniel Stuart Alter, Alter & Alter LLP, New York, NY, for Appellant.

Paul M. Fakler, Moses & Singer LLP, New York, NY, for Appellees.

PRESENT: JOSÉ A. CABRANES, ROBERT A. KATZMANN, Circuit Judges, J. GARVAN MURTHA, District Judge.*

### SUMMARY ORDER

Plaintiff Esbin & Alter, LLP appeals from the February 4, 2010 order of the District Court granting, in part, plaintiff's request for a preliminary injunction. Plaintiff filed a notice of appeal on February 17, 2010. After plaintiff filed its notice of appeal, defendant timely filed a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. That motion is currently pending before the District Court. We assume parties' familiarity with the facts and procedural history of this case.

First, we consider whether we have jurisdiction to consider this appeal. Rule 4(a)(4)(B)(i) of the Federal Rules of Appellate Procedure states that "[i]f a party files a notice of appeal after the court announces ... a judgment—but before it disposes of [a Rule 59(e) motion]—the notice becomes effective to appeal a judgment or order ... when the order disposing of the last such remaining motion is entered." *See also New Windsor Volunteer Ambulance Corps, Inc. v. Meyers*, 442 F.3d 101, 120 (2d Cir.2006) (stating that "the notice of appeal simply does not become effective before an order disposing of [the pending Rule 59] motion has been

* The Honorable J. Garvan Murtha, United States District Court for the District of Vermont, sitting by designation.

entered"). Because the notice of appeal is not yet effective, we do not have jurisdiction to consider this appeal. *See Hertzner v. Henderson,* 292 F.3d 302, 303–04 (2d Cir.2002).

Accordingly, this appeal is **DISMISSED** without prejudice to plaintiff filing a second notice of appeal upon the District Court's resolution of the pending Rule 59(e) motion.